**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FIVE STAR MANUFACTURING, INC., Respondent.**

No. 07–1536.

United States Court of Appeals, Eighth Circuit.

Submitted: May 15, 2008.

Filed: May 20, 2008.

Linda Dreeben, Assistant General Counsel, Richard Alan Cohen, Senior Attorney, Robert James Englehart, Supervisory Attorney, National Labor Relations Board Headquarters, Region 5 Resident Office, Washington, DC, D. Michael McConnell, National Labor Relations Board, Overland Park, KS, for Petitioner.

Jason N. Shaffer, Springfield, MO, for Respondent.

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Adopting the decision of the administrative law judge (ALJ), the National Labor Relations Board (Board) issued an order concluding Five Star Manufacturing (Five Star) violated 29 U.S.C. § 158(a)(1) and (a)(3)-(5) by discharging an employee for engaging in union activities; materially changing conditions of employment in ar-

eas that were mandatory subjects of collective bargaining, without giving the union notice or an opportunity to negotiate, and in retaliation for employees' union activities; reassigning the discharged employee to less desirable work upon his reinstatement, in retaliation for his union activities; and discharging the employee a second time for his union activities. Five Star argues the Board's order should not be enforced, because the ALJ was not fair and impartial, and the ALJ's findings, as adopted by the Board, are not supported by substantial evidence on the record.

To begin, we find no basis for Five Star's argument the ALJ was not fair and impartial, which is essentially based upon Five Star's disagreement with the ALJ's credibility determinations. *See Hall v. NLRB,* 941 F.2d 684, 689 (8th Cir.1991) (rejecting the employer's argument that the ALJ was biased and impartial where the only supporting evidence was the ALJ's credibility determinations). We further conclude the Board correctly applied the law, and the Board's findings are supported by substantial evidence on the record as a whole. *See NLRB v. Rockline Indus., Inc.,* 412 F.3d 962, 966, 970 (8th Cir.2005) (stating applicable standards of review). We enforce the Board's order in its entirety. *See* 8th Cir. R. 47B.